**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-7571**

LLOYD WAYNE SHEPPARD,

                Petitioner - Appellant,

      v.

DEAN MANNOR, Commonwealth's Attorney,

                Respondent - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, Chief District Judge. (7:14-cv-00547-GEC-RSB)

Submitted: September 24, 2015    Decided: September 29, 2015

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lloyd Wayne Sheppard, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lloyd Wayne Sheppard appeals the district court's order dismissing his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2254 (2012) petition. We have reviewed the record and find no reversible error. Accordingly, we grant leave to proceed in forma pauperis and affirm for the reasons stated by the district court. Sheppard v. Mannor, No. 7:14-cv-00547-GEC-RSB (W.D. Va. Oct. 16, 2014).

Additionally, we construe Sheppard's notice of appeal and informal brief as an application to file a second or successive § 2254 petition. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2012). Sheppard's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED